UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH A. SUGER,

        Plaintiff,

v.

DEPARTMENT OF SOCIAL SERVICES,
ET AL.,

        Defendants.

3:09-cv-1766 (CSH)

## RULING ON PENDING MOTIONS

Plaintiff Elizabeth A. Suger, proceeding *pro se*, filed a complaint [Doc. 3] on October 30, 2009 and an amended complaint [Doc. 9] on January 6, 2010, naming the following Defendants: 1) Jodi Rell, Governor of Connecticut; 2) Michael Starkowski, Commissioner, Connecticut Department of Social Services ("CTDSS"); 3) Brenda Parella, Director, Office of Legal Counsel, Regulations and Administrative Hearings, CTDSS; 4) Evelyn Balamaci, Operations Manager, CTDSS; 5) Kirsten May, Connecticut Disability Determination Services Agency; 6) John Doe I, Director, State of Connecticut Department of Mental Health and Addiction Services, Southwest Connecticut Mental Health System; and 7) John Doe II, Operations Manager, Greater Bridgeport Community Mental Health Center (collectively, "Defendants"). The amended complaint does not indicate whether Defendants are sued in their official capacity, individual capacity, or both. No basis for jurisdiction is asserted. However, based upon the state Defendants named and Plaintiff's characterization of the amended complaint as a "civil rights based lawsuit" [Doc. 9 at 3], it appears that jurisdiction arises, if at all, under 42 U.S.C. § 1983.

Plaintiff's amended complaint raises three claims. First, Plaintiff alleges that she has repeatedly applied for and been denied financial assistance benefits from "the State of

Connecticut State Supplement program named 'Aid to the Aged, Blind and Disabled.'" [Doc. 9 at 3] Plaintiff contends that in April 2002, the Greater Bridgeport Community Mental Healthcare Facility, where Plaintiff was in the regular psychiatric unit, transmitted documentation to the State of Connecticut Department of Social Services Emergency Benefits Processing Center that contained a "clerical error," specifically that Plaintiff was on the fifth floor instead of sixth. [Doc. 9 at 9] Plaintiff asserts that "the clerical error has tainted my identity within the State of Connecticut Department of Social Services computer mainframe," and that the "computer mainframe['s] insistence that I have a history of illegal drug use and dependancy . . . is continually used to deny me financial assistance." *Id*. Plaintiff also maintains that "employees of the State of Connecticut Department of Social Services" have been "rude to the point of violating the law." *Id*.

Plaintiff's second claim pertains to a one-car automobile accident that she had in Roanoke, Virginia, on April 1, 2002. [Doc. 9 at 4] Plaintiff asserts, "I was financially-based information services neglected in the year 2002 and medical bills that the State of Connecticut should have negotiated payment of were left to a bill collection agency." *Id*. Plaintiff's third claim reiterates that she is disabled and that she has been denied financial assistance and assistance in obtaining information, and states, "I would like to speak with an attorney first prior to organizing an outline of the cruelty inflicted other than as already explained." *Id*.

Plaintiff's request for relief seeks "retroactive payment of the improperly denied, previous requests for financial and informational assistance." [Doc. 9 at 7] Plaintiff admits that her previous lawsuit, *Elizabeth Suger v. Governor, et al.*, HHB CV-09-4021682, regarding "denial of financial assistance from the program Aid to the Aged, Blind and Disabled/State Supplement,"

2

was dismissed in November 2009 by the Connecticut Superior Court at New Britain, and that she did not appeal. [Doc. 9 at 5; Doc. 43 at 1-2]

Along with her complaint, Plaintiff filed a Motion to Appoint Counsel. [Doc. 5] On February 25, 2010, that motion was denied without prejudice to renewal and Plaintiff was advised that "Plaintiff's renewed motion shall document Plaintiff's recent, adequate efforts to obtain *pro bono* counsel on her own, and the reasons why assistance or representation was unavailable." [Doc. 14] However, on April 1, 2010, Plaintiff filed a renewed motion for appointment of counsel, reciting the same attempts to obtain counsel that were found to be inadequate in her first motion, most of which had taken place in 2005-2006, several years before the instant complaint was filed. [Doc. 26] Plaintiff did not describe or indicate that she had undertaken any new or additional efforts to obtain counsel in response to the Court's order. Therefore, the renewed motion for appointment of counsel was also denied. [Doc. 37] In that Order, the Court stated:

> Four of the defendants have filed a motion to dismiss [Doc. 21] Plaintiff's Amended Complaint on a number of grounds, including but not limited to insufficient service of process; the Eleventh Amendment; absolute, qualified, and statutory immunity; the frivolity of the Amended Complaint; and failure to state a claim upon which relief can be granted, in that the Amended Complaint lacks specific allegations with respect to the defendants. Plaintiff's opposition [Doc. 27] to the motion to dismiss does not address the substance of these arguments. However, Plaintiff states, "[I]t is possible that an appointment of [an] attorney will take place and that an amended complaint with more details will be submitted." [Doc. 27 at 2] In light of the fact that no counsel has been appointed, Plaintiff is hereby granted leave, if she so desires, to supplement her opposition to the motion to dismiss to address the merits of Defendants' arguments for dismissal, or to further amend her amended complaint to provide the details to which she alludes, provided that she does so on or before May 12, 2010.

[Doc. 37 at 2] Plaintiff did not take the opportunity to supplement her opposition to the motion to

3

dismiss or to amend her complaint to address the issues raised by Defendants in the motion to dismiss. Instead, on May 7, 2010, Plaintiff filed a motion for a 24 month extension of time to find appropriate legal counsel. [Doc. 38] During the six months that followed, the Court refrained from ruling on pending motions, including the motions to dismiss, in order to afford Plaintiff additional time to obtain counsel. No appearance by counsel has been filed. The Court concludes that there is not good cause for a two year extension of time, and that it is not in the interest of justice to further delay disposition of the case in light of the merit of Defendants' arguments for dismissal. Therefore, Plaintiff's motion for a 24 month extension of time [Doc. 38] is DENIED.

As noted *supra*, Defendants Evelyn Balamaci, Kirsten May, John Doe I and John Doe II filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) on March 24, 2010. [Doc. 21] The remaining three Defendants, Jodi Rell, Michael Starkowski, and Brenda Parella, filed a nearly identical motion to dismiss on the same grounds on May 17, 2010. [Doc. 40] Plaintiff again filed a non-substantive response. [Doc. 43] For the reasons stated herein, the motions to dismiss [Docs. 21 & 40] are GRANTED as to all Defendants.

**12(b)(1) and 12(b)(6)**

Defendants maintain that they are immune from liability in their official capacities and move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's claims against them in this capacity for lack of subject matter jurisdiction. Indeed, all claims for damages against Defendants in their official capacities are barred by the Eleventh Amendment and are therefore dismissed. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment,

which protects states from suit for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). While a plaintiff may be able to obtain prospective injunctive relief against a state official engaged in an ongoing violation of federal law, *Ex Parte Young*, 209 U.S. 123 (1908), that is not applicable here because Plaintiff seeks only monetary damages in the form of a retroactive grant of benefits from the state defendants, rather than any declaratory or injunctive relief.

A plaintiff may sue state actors for monetary damages under 42 U.S.C. § 1983 for violating a plaintiff's constitutional rights under color of state law, provided that the state officials are sued in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 23 (1991). Here, however, as Defendants correctly state, "the complaint is devoid of any allegations referencing any of these defendants, let alone alleging any action that could be considered to have been taken outside of the scope of their official duties." [Doc. 21-1 at 10; Doc. 40-1 at 11] Defendants elaborate:

> It must be noted that although the plaintiff named numerous state employees as defendants in her complaint, the complaint is devoid as to any particular or even general allegations against any of the named defendants. Although state agencies, including the Department of Social Services and the Department of Mental Health and Addiction Services are mentioned in a conclusory fashion, the plaintiff does not allege factual particulars that any of the named defendants have any connection to her vague complaints in Claim I that she was harmed in 2002 by a "clerical error" or subjected to rudeness, or even that any clerical or computer error caused the denial of her application to the Aid to the Aged, Blind and Disabled/State Supplement program. In Claim II, she does not allege any facts at all as to why any state actor would have a duty regarding bills incurred in an out-of-state automobile accident. Finally, in Claim III, she does not describe how any of the named defendants caused the denial of any of her applications for state assistance, and she never describes that "informational assistance" she claims she has been denied, nor, again, which of the named defendants are

5

responsible for that denial.

[Doc. 21-1 at 3-4; Doc. 40-1 at 4]  This lack of allegations of any specific action (or failure to act) by any of the named Defendants also forms the basis upon which Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  As noted previously, Plaintiff did not avail herself of an opportunity provided by the Court to attempt to remedy these deficiencies by further amending the amended complaint.  Plaintiff's amended complaint does not identify the law or constitutional right purportedly violated by Defendants, nor can the allegations set forth therein arguably amount to such a violation by Defendants.  Even viewing the allegations in the light most favorable to Plaintiff as the non-moving party and as a *pro se* litigant, the amended complaint fails to state a claim against any of the Defendants in their individual capacities, and it is therefore dismissed.

**12(b)(2) and 12(b)(5)**

Defendants also move pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) to dismiss the claims against certain of the Defendants on the basis of insufficient service of process, which deprives the Court of personal jurisdiction over those Defendants.  It appears from a review of the docket that, at this point, summons have now been returned executed for all of the Defendants [Docs. 10, 15, 24, 44, 45], although some of them were filed after the filing of the two motions to dismiss.  Because the Court has already dismissed the amended complaint on other grounds, it need not and does not reach this alternative basis for dismissal.  Therefore, Plaintiff's Motion for Re-Service of Specified Defendants [Doc. 25] and Motion for Second Service of Summons and Complaint [Doc. 42] are DENIED AS MOOT.

**CONCLUSION**

For the reasons stated herein, Defendants' motions to dismiss [Docs. 21 & 40] are GRANTED as to all Defendants and all claims. The Clerk shall close the case.

It is SO ORDERED.

Dated: New Haven, Connecticut

November 5, 2010

                                                  /s/ *Ellen Bree Burns*
                                                Ellen Bree Burns
                                                Senior United States District Judge